1 Mitch C. Wallis, CA Bar # 227253
1286 University Ave #338
2 San Diego, CA  92103
Telephone: (619) 295-5475
3 mvegan@yahoo.com

4 Attorney for Plaintiff

UNITED STATES DISTRICT COURT
Central District of California

Benjamin Quinto, a single man, and ) Case No.:
BodiMetrics, LLC, a California limited )
liability company ) **Complaint** for Wire Fraud, Bank
) Fraud, Conversion, Fraud, Trespass,
    Plaintiffs, ) Intentional Infliction of Emotional
) Distress, and Negligence due to
  vs. ) violation of the Bank Secrecy Act
)
John Does 1- 10 and Citibank, N.A.; )

    Defendants

Plaintiffs allege as follows:

JURISDICTION AND VENUE

1. This complaint involves the hijacking of an e-mail account owned and operated by co-Plaintiff BodiMetrics, LLC and the wrongful use of said e-mail account by the Defendant(s) John Does 1-10, whose identify is as of yet unknown, to trick co-Plaintiff Quinto into sending $ 250,000 of his funds via bank wire from Florida to Defendant's bank account in California, which bank account was established at Defendant Citibank's branch in Manhattan Beach, California to mimic the bank account owned by co-Plaintiff

BodiMetrics at a nearby Bank of America branch. Co-Plaintiff Quinto resides in Florida but was conducting business with co-Plaintiff BodiMetrics, LLC in Manhattan Beach, CA. Plaintiff BodiMetrics, LLC is located and conducts its business in Manhattan Beach, CA. Defendant(s) whose identities are as of yet unknown, wrongfully opened a bank account at CitiBank (impersonating the bank account held by co-Plaintiff BodiMetrics at a nearby Bank of America, located in Manhattan Beach, CA and intercepted and hijacked e-mails sent from Manhattan Beach, CA by co-Plaintiff BodiMetrics to co-Plaintiff Quinto in Florida and repeatedly sent fraudulent e-mails across state lines to both co-Plaintiffs to further their illicit scheme. This Court has subject matter jurisdiction over the Wire and Bank Fraud claims as well as over the negligence for violation of the Bank Secrecy Act claim pursuant to 18 U.S.C. § 1331 and pendant jurisdiction over the common law state claims.

## GENERAL ALLEGATIONS

2. Co-Plaintiff BodiMetrics, LLC is a digital healthcare company located in Manhattan Beach, CA and develops and markets smart ring oximeters and a clinical cloud platform for monitoring health metrics.

3. Co-Plaintiff Benjamin Quinto is an investor residing in Florida and desired to invest in BodiMetrics.

4. On June 21, 2024 Mark Goettling, co-founder and partner in BodiMetrics e-mailed Co-Plaintiff Quinto wire instructions to send $ 250,000 to the BodiMetrics bank account at Bank of America in Manhattan Beach, CA.

5. Co-Plaintiff Quinto did not wire the funds immediately as the parties discovered an issue with the investment agreement, which issue took about 2

weeks to resolve until July 7, 2024 when the Parties signed the final agreement between them.

6. On July 8, 2024 Quinto received an e-mail from Neil Friedman co-founder and partner at BodiMetrics from the e-mail account that the parties had been using to communicate together previously (nfriedman@circul.health).  This July 8, 2024 e-mail informed Quinto that the Bank of America in Manhattan Beach, CA, where BodiMetrics conducted its banking, was being audited and could not accept a wire transfer at that time, pending completion of said audit.  The July 8, 2024 e-mail instructed Quinto to wire the $ 250,000 investment funds to a new bank account for BodiMetrics at CitiBank a few blocks away from the Bank America branch.

7. On July 11, 2024 Quinto wired the funds to the BodiMetrics account at Citibank in Manhattan Beach, CA, from his Bank United account in Florida, per the e-mail instructions received on July 8, 2024.

8. Over the next few days Quinto, who was located in Florida, received additional e-mails which appeared to be from Neil Friedman (nfriedman@circul.health) at BodiMetrics confirming receipt of the funds.

9. It wasn't until July 19, 2024 that the Plaintiffs realized something was wrong as BodiMetrics had not received any of the funds.  The Plaintiffs discovered that Neil Friedman had neither sent the July 8, 2024 e-mail claiming that the Bank of America was being audited and instructing Plaintiff Quinto to send the funds to CitiBank nor had Friedman sent any of the e-mails following and confirming the wire transfer.

10. The Plaintiffs discovered that shortly before the wire transfer occurred the Defendant(s), who as of yet are unidentified, set up a bank account under the BodiMetrics, LLC name at the CitiBank branch in Manhattan Beach, CA to

receive the funds.  Under federal regulations, CitiBank could not open an account for the Defendants without proper authority, identification, and verification that the Defendants had a right to open an account for BodiMetrics, LLC, which the Defendants did not have, and which CitiBank would have discovered had it conducted reasonable due diligence.  After discovery of the Defendant(s) caper on July 19, 2025 CitiBank was able to claw back $ 146,000 of the $ 250,000 transferred leaving the Plaintiffs with a net loss of $ 104,000.

11.  Upon information and belief, the Defendant(s) were not located in Florida at the time they hijacked the e-mail account of co-Plaintiff BodiMetrics using it to perpetuate the foregoing scheme.

## COUNT ONE
(Wire Fraud against Defendants John Does 1 - 10)

12. Plaintiffs reallege each of the foregoing allegations as if fully set forth herein.

13. Defendant(s) developed and executed a scheme to defraud the Plaintiffs;

14. The Defendant(s) scheme involved and relied upon electronic communications commonly known as e-mails.

15. Defendant(s) emails occurred in interstate commerce across state lines.

16. Defendant(s) intended to deceive the Plaintiffs;

17. Plaintiffs suffered financial loss as a result in violation of Federal law, including 18 U.S.C. § 1343.

## COUNT TWO

(Bank Fraud against Defendants John Does 1 - 10)

18. Plaintiffs reallege each of the foregoing allegations as if fully set forth herein.
19. Defendant(s) knowingly executed a scheme designed to obtain funds through false pretenses, which funds were held for the benefit of Plaintiffs in deposit accounts at commercial banks.
20. Defendant(s) intended to deceive the Plaintiffs;
21. Plaintiffs suffered financial loss as a result in violation of Federal law, including 18 U.S.C. § 1344.

## COUNT THREE

(Conversion against Defendants John Does 1 - 10)

22. Plaintiffs reallege each of the foregoing allegations as if fully set forth herein.
23. Plaintiffs are the owners and have full legal rights to the $ 250,000 subject investment funds and had possession up until the Defendant(s) misdirected the wire transfer thereof and wrongfully appropriated the funds.
24. Defendant(s) thereby substantially interfered with Plaintiffs ownership and possession of the investment funds.
25. Plaintiffs have never consented or given permission to Defendant(s) for the foregoing actions.
26. Plaintiffs have suffered substantial harm as a result.
27. Defendant(s) actions in unlawfully hijacking Neil Friedmans e-mail account and impersonating Neil Friedman and tricking Benjamin Quinto into transferring his funds to the Defendant's illicit bank account at CitiBank is a

substantial factor in causing Plaintiffs damages.

## COUNT FOUR

(Fraud against Defendants John Does 1 - 10)

28. Plaintiffs reallege each of the foregoing allegations as if fully set forth herein.

29. Defendant(s) hijacking of Neil Friedman's e-mail account and wrongful wire instructions to Benjamin Qunto constitutes intentional misrepresentation and concealment of material facts.

30. Defendant(s) had full knowledge of the falsity of the foregoing actions and communications and fully intended to deceive the Plaintiffs thereby.

31. Plaintiff Ben Quinto reasonably relied upon the false wire instructions sent by the Defendant(s) as they were received from the correct e-mail account of Neil Friedman which the Parties had been using for many prior communications.

32. As a result of the foregoing, the Plaintiffs suffered damages.

## COUNT FIVE

(Trespass against Defendants John Does 1 - 10)

33. Plaintiffs reallege each of the foregoing allegations as if fully set forth herein.

34. Co-Plaintiff BodiMetrics controlled the business e-mail account of Neil Friedman.

35. Defendant(s) intentionally took control of and appropriated said e-mail account.

36. Plaintiffs did not consent or give permission for the foregoing.

37. Plaintiffs suffered actual harm as a result.

38. Defendant(s) actions were a substantial factor in causing Plaintiffs harm.

## COUNT SIX

(Intentional Infliction of Emotional Distress against Defendants John Does 1 - 10)

39. Plaintiffs reallege each of the foregoing allegations as if fully set forth herein.

40. Defendant(s) conduct was outrageous.

41. Defendant(s) intended to cause emotional distress.

42. Plaintiffs suffered severe emotional distress.

43. Defendant(s) conduct was a substantial factor in causing Plaintiffs distress.

## COUNT SEVEN

(Negligence for violation of the Bank Secrecy Laws against Defendant Citibank, N.A.)

44. Plaintiffs reallege each of the foregoing allegations as if fully set forth herein.

45. Co-Plaintiff Quinto is a long-time depositor through his family trust at Citibank.

46. Citibank owed co-Plaintiff Quinto a duty under the Bank Secrecy Act and its implementing regulations (codified at 31 U.S.C. § 5311 et seq.), also known as 'Know Your Customer' and 'Anti-Money Laundering Laws', to verify the identity of Defendants John Does 1 – 10 and to conduct reasonable due diligence to ensure that Defendants John Does 1 – 10 had proper authority to open an account for BodiMetrics LLC.

47. Defendant CitiBank breached the foregoing duties.

48. As a result of Defendant CitiBank's breach of its duties, Plaintiffs suffered direct actual damages n the amount of $ 104,000.00.

WHEREFORE, Plaintiffs seek damages as follows:

a) For general damages in the amount of $ 104,000;
b) For all special damages according to proof;
c) For punitive damages.
d) For Plaintiffs attorney fees and costs;
e) For all other damages as deemed appropriate by the trier of fact;

Executed on August 5, 2025 by:

/s/Mitch Wallis

Mitch Wallis, attorney for Plaintiff